UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GARRETT D. RUSSITANO,

                Plaintiff,

    -against-                                        6:12-CV-1641 (LEK/TWD)

ONEIDA COUNTY, NY; JOHN DOE; and
JANE DOE,

                Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Garrett D. Russitano ("Plaintiff") alleges violations of his civil rights. Dkt. No. 1 ("Complaint"). By Memorandum-Decision and Order ("Order") dated September 9, 2013, the Court dismissed Plaintiff's claims against all Defendants except Defendant Oneida County ("Oneida County" or the "County"). See Dkt. No. 38 ("Order"). Presently before the Court is Oneida County's Motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 44 ("Motion"); 44-1 ("Memorandum"). For the following reasons, the Motion is granted, and this case is dismissed.

**II.    BACKGROUND**

The Court presumes the parties' familiarity with the facts and history of this action, and recites only those facts pertinent to the pending Motion. For a full discussion of the facts and history of this case, reference is made to the Court's September 2013 Order.

Construed liberally, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Complaint alleges violations of Plaintiff's constitutional rights to equal protection and

free speech pursuant to 42 U.S.C. § 1983, and violations of the New York Freedom of Information Law ("FOIL"). Compl. ¶¶ 3, 5, 25-26, 33-34, 38, 48, 51. Plaintiff has not named Oneida County in any of the allegations in his Complaint. See generally id. Rather, Plaintiff alleges only actions by non-parties Oneida County District Attorney Scott McNamara ("McNamara"), Oneida County Treasurer Anthony Carvelli ("Carvelli"), and Daniel Yerden ("Yerden"). See id. ¶¶ 3, 5, 25-26, 33-34, 38, 48, 51.

Specifically, Plaintiff appears to allege the following claims. McNamara denied Plaintiff equal protection by failing to prosecute individuals who used racial slurs against him, as well as city officials who executed an administrative search warrant at Plaintiff's place of business. Compl. ¶¶ 3, 5, 25-26, 33-34, 51. McNamara also denied Plaintiff his "right to free speech by not taking action against the person who threatened [Plaintiff]" on a website. Id. ¶ 5. Cavelli and Yerden violated Plaintiff's "right to attend a public county land auction." Id. ¶ 36. Finally, "[a]ll of the Defendants ignored [Plaintiff's] FOIL requests." Id. ¶ 35. Plaintiff seeks monetary damages. See id.

### III. LEGAL STANDARD

Rule 12(c) motions for judgment on the pleadings are decided under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). Thus, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face,'" Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), when the complaint's factual allegations are taken as true and all reasonable inferences are drawn in a plaintiff's favor, Kirkendall v. Halliburton, Inc., 707 F.3d 173,

178 (2d Cir. 2013). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Additionally, the "tenet that a court must accept as true all of the allegations contained in an amended complaint is inapplicable to legal conclusions." Id.

## IV. DISCUSSION

### A. Federal Claims

To establish a municipality's liability under 42 U.S.C. § 1983, a plaintiff must show that she "suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality." Askins v. Doe No. 1, No. 12-877-CV, 2013 WL 4488698, at *3 (2d Cir. Aug. 23, 2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)). Here, Plaintiff has not alleged that Oneida County, or any of the non-parties named above, were acting pursuant to an official policy or custom. See generally Compl. Rather, Plaintiff describes only specific, discrete acts by individuals. See id. ¶¶ 3, 5, 25-26, 33-34, 38, 48, 51. Accordingly, Plaintiff's claims against the County under § 1983 are dismissed.

### B. State Law Claims

28 U.S.C. § 1367 vests federal district courts with supplemental jurisdiction over claims forming part of the same "case or controversy" as claims in the same action over which the district courts have original jurisdiction. Subsection (c)(3) grants federal district courts discretion to decline to exercise supplemental jurisdiction if all claims arising under original jurisdiction have been

dismissed. Plaintiff's § 1983 claims against the County have all been dismissed, and Plaintiff has alleged no other basis for the Court's original jurisdiction. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims under New York law as against Defendant for FOIL violations. Therefore, Plaintiff's state law claims against the County are dismissed.

### C. Unidentified Defendants

Having granted the County's Motion for judgment on the pleadings, the only remaining Defendants in this action are two individuals who have not been identified by Plaintiff. See Docket; Compl. ¶ 3. This action has been pending for nearly two years, providing Plaintiff with ample time to identify and name these individuals. Because Plaintiff has provided no explanation for his failure to do so, dismissal of Plaintiff's claims against the Unidentified Defendants is appropriate at this time. See, e.g., Coward v. Town & Vill. of Harrison, 665 F. Supp. 2d 281, 301-02 (S.D.N.Y. 2009).

### D. Cross-Claims

Defendants James F. Brown; Mark Domenico; James Masucchi; John Mazzaferro; Joseph Fusco, Jr.; and the City of Rome (collectively, the "City of Rome") have twice moved to dismiss the County's cross-claims against them for indemnification. Dkt. Nos. 23 at 1; 45. Having dismissed all claims against the County, the County's cross-claims for indemnification from the City of Rome necessarily fails. See, e.g., Brown v. West Valley Envtl. Servs., LLC, No. 10-CV-210, 2011 WL 111696, at *1 (W.D.N.Y. Jan. 13, 2011). Therefore, the County's cross-claims against the City of Rome are dismissed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 44) for judgment on the pleadings is

**GRANTED**; and it is further

**ORDERED**, that Plaintiff's claims against Unidentified Defendants John Doe and Jane Doe are **DISMISSED**; and it is further

**ORDERED**, that Defendant's cross-claims against Defendants James F. Brown; City of Rome, NY; Jane Doe; John Doe; Mark Domenico; Joseph Fusco, Jr.; James Masucchi; and John Mazzaferro are **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 29, 2014
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge